MEMORANDUM OF DECISION

JANE W. FREEMAN, Judge.
On May 18, 2005, the Petitioner, Lindsay A. Cutting, filed the following in this Court: a Petition For Recognition of Foreign Child Support Order, Withholding of Per Capita Benefits and Distribution For Payment of Child Support Arrearages (“Petition”). Pursuant to Resolution No.2004-12 of the Mohegan Tribal Council, the Court held a hearing on the Petition on June 17, 2005. The Petitioner appeared in person at the hearing and the Respondent participated in the hearing by telephonic conference, with the permission of the Court.
I. Resolution No.2004-12
Resolution No.2004-12 of the Mohegan Tribe of Indians of Connecticut was adopted by the legislative body of the Mohegan Tribe on April 7, 2004 to “provide for recognition and enforcement of valid child support orders from courts of other jurisdictions against non-paying Mohegan Tribal Members.” Preamble, Resolution No.2004-12. Further, Resolution No.2004-12 was adopted “in the interest of the Mohegan children.” Preamble, Resolution No.2004-12. In the enacting clause of Resolution No.2004-12, the Court is charged with determining whether arrear-ages exist “that are due to the petitioner for support at Mohegan, Tribal Children.”
If after a hearing, the Court finds that a “valid child support order from any court of competent jurisdiction ... has been entered against a Mohegan Tribal Member” and that “arrearages exist that are due ... for support of Mohegan Tribal Children,” the Court may order the withholding of per capita distribution benefits from such Tribal Member and may order that such per capita benefits be distributed to the party identified in the child support order until the arrearages are paid in full. Resolution No.2004-12, paragraphs 1-3.
Neither “Mohegan children” nor “Mohegan Tribal Children ” are defined terms or phrases in Resolution No.2004-12. The Court must therefore determine whether Resolution No.2004-12 was intended to protect the interests only of children who are enrolled members of the Mohegan Tribe or whether it was also intended to protect the interests of children who are not enrolled members of the Mohegan Tribe but who are children of enrolled members. It is a basic rule of statutory construction that “statutes should be construed as a whole where particular words or sections of the statute, considered separately, are lacking in precision of meaning.” Keeney v. Fairfield Resources, Inc., 41 Conn.App. 120, 129, 674 A.2d 1349 (1996). Construing all parts of the Resolution as a whole, the Court concludes that the policy reasons behind Resolution No.2004-12 are two-fold: (1) that Mohegan Tribal Members support their children; and (2) that court ordered child support for the children of Mohegan Tribal Members be paid. Nothing in Resolution No.2004-12 expressly states that it was intended to protect only the interests of children who are themselves, enrolled members of the Mohegan Tribe. The Court therefore holds that the policy reasons for the adoption of Resolution No.2004-12 are fulfilled by including within the ambit of the Resolution’s provisions, all children who are children of enrolled members of the Mohegan Tribe, even if such children are not themselves enrolled members of the Mohegan Tribe.
*445 II. Findings and Orders of the Court
After hearing had the Court finds as follows:
A. The Court has jurisdiction of the subject matter and the parties in this case, At the commencement of the hearing the Respondent consented to the Court exercising personal jurisdiction over her in this case;
B. The Petitioner, Lindsay A. Cutting, has standing to file this Petition as she is one of the legal guardians of the minor child, [Name Redacted] (Ex. 2);
C. The Respondent, Gwendolyn M. Quidgeon, is an enrolled member of the Mohegan Tribe of Indians of Connecticut (Council of Elders Certification dated June 15, 2005);
I). The minor child, [Name Redacted], DOB [Redacted], is not an enrolled mera-ber of the Mohegan Tribe of Indians of Connecticut (Council of Elders Certification dated June 15, 2005);
E. Although [Name Redacted] is not herself an enrolled member of the Mohegan Tribe, she is the child of an enrolled member of the Mohegan Tribe and falls within the class of children whose interests are to be protected under Resolution No.2004-12;
F. An order of child support was entered on August 25, 2004 by Ellen S. Masters, Circuit Court Judge of the Circuit Court of the 10th Judicial District in and for Polk County, Florida, Juvenile Division I, in Case Number JP02-0001000-WH entitled “In the Interest of: [Name Redacted], Minor Child DOB [Redacted];” such order required that Gwendolyn M. Quid-geon, the Respondent herein, pay child support for the benefit of [Name Redacted] in the amount of $99.85/week, said payments to be made through the Clerk of the Circuit Court who has been designated as the Central Government Depository for Polk County, Florida (“Florida Support Order”);
G. The Florida Support Order was entered by a court of competent jurisdiction and is a valid child support order; therefore this Court recognizes the Florida Support Order as the law of the Mohegan Tribe pursuant to Resolution No.2004-02;
H. There has been chronic and persistent non-payment of child support by the Respondent and a child support arrearage exists in the amount of $4,892.65 as of June 14, 2005;
I. Such non-payment of child support by the Respondent violates the law of the Mohegan Tribe;
J. The Petitioner is not entitled to direct payments of child support for the benefit of [Name Redacted], since the Florida Support Order is required to be paid through the Clerk of the Circuit Court, who has been designated as the Central Government Depository for Polk County, Florida.
It is therefore, ORDERED that:
1. The Mohegan Tribe of Indians of Connecticut shall withhold the per capita distribution benefits of Gwendolyn M. Quidgeon in the amount of $4,892.65 and shall distribute such amount to the Distrib-utee listed below, for the benefit of [Name Redacted]. This order for withholding of per capita distribution benefits shall remain in effect until: (a) the arrearage of $4,892.65 as of June 14, 2005 has been fully paid; and (b) this order for withholding of per capita distribution benefits has been terminated by the Court;
Distributee of per capita benefits withheld:
Check(s) shall be made payable to the SDU, State Disbursement Unit; and shall be mailed to:
Clerk of Court, Polk County Court
*446 Domestics Relations Division
l’.O. Box 9000
Bartow, Florida 33831
2. Upon full payment of the child support arrearage of $4,892.65 from the per capita benefits of the Respondent, to the Distributee above named, the Tribe shall promptly file with the Court, documentation showing that the child support arrear-age of $4,892.65 has been fully paid. The Court on its own motion, or upon the motion of the Tribe or Respondent, shall terminate this order for withholding of the Respondent’s per capita benefits upon finding that the child support arrearage has been paid in full. Until the Court enters an order that the child support arrearage found on this date has been fully paid, this order for withholding of the Respondent’s per capita benefits shall remain in effect;
3. The Clerk shall provide notice of this order to the Petitioner and the Respondent. The Clerk shall also provide notice of this order to the Tribe by delivering or mailing a copy of this order to the following: the Legal Department of the Mohegan Tribe; the Chief of Staff of the Mohegan Tribe; the Chairman of the Mohegan Tribal Council; and the Finance Department of the Mohegan Tribe, c/o Phil Cahill, Chief Financial Officer.
4. No costs are awarded to any party.